UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

BRITTANY SCZEPANSKI,

                            **Plaintiff,**

v.                                                         17-CV-100(HKS)

CAROLYN W. COLVIN, Acting Commissioner
of Social Security,

                            **Defendant.**

## **DECISION AND ORDER**

Pursuant to 28 U.S.C. § 636(c), the parties have consented to have the undersigned conduct any and all further proceedings in this case, including entry of final judgment. Dkt. #16.

Brittany Sczepanski ("Plaintiff"), who is represented by counsel, brings this action pursuant to the Social Security Act ("the Act"), seeking review of the final decision of the Commissioner of Social Security ("the Commissioner") denying her application for Supplemental Security Income ("SSI"). This Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Dkt. ##12, 14.

**BACKGROUND**

Plaintiff protectively filed an application for SSI in March 2013, alleging disability commencing March 1, 2009, due to social anxiety, depression, and selective mutism. T. 37, 39, 123-128.[1] Her initial application was denied, and a hearing was held before Administrative Law Judge ("ALJ") Donald McDougall on March 13, 2015, in Buffalo, New York. T. 33-61. On May 26, 2015, the ALJ issued a decision finding Plaintiff not disabled. T. 14-28. The Appeals Council denied Plaintiff's request for review on December 2, 2016, making the ALJ's determination the final decision of the Commissioner. T. 1-4. This action followed. Dkt. #1.

**The ALJ's Decision**

In applying the familiar five-step sequential analysis, as contained in the administrative regulations promulgated by the Social Security Administration ("SSA"), *see* 20 C.F.R. §§ 404.1520, 416.920; *Lynch v. Astrue*, No. 07-CV-249, 2008 WL 3413899, at *2 (W.D.N.Y. Aug. 8, 2008) (detailing the five steps), the ALJ found that: (1) Plaintiff did not engage in substantial gainful activity since February 27, 2013; (2) she had the severe impairments of anxiety disorder, not otherwise specified; depressive disorder, not otherwise specified; and selective mutism; and (3) her impairments did not meet or equal the Listings set forth at 20 C.F.R. § 404, Subpt. P, Appx. 1. The ALJ next found that Plaintiff retained the residual functional capacity ("RFC") to "perform a full range of work at all exertional levels but with the following nonexertional limitations: the claimant can have no contact with the general public; no more than occasional contact

---

[1] Citations to "T.__" refer to the pages of the administrative transcript.

2

with coworkers or supervisors; no fast-paced or assembly line or other high quota work; no more than mild exposure to loud noises; and, the claimant should be able to miss up to one day of work per month." T. 19-20. Continuing to the fourth step of the disability analysis, the ALJ found that Plaintiff had no past relevant work history. Finally, the ALJ concluded that, "[c]onsidering the claimant's age, education, work experience, and [RFC]," Plaintiff could perform the jobs of laundry laborer, industrial cleaner, and shirt folder. T. 14-28.

## DISCUSSION AND ANALYSIS

### Scope of Judicial Review

42 U.S.C. § 405(g) grants jurisdiction to district courts to hear claims based on the denial of Social Security benefits. Section 405(g) provides that the District Court "shall have the power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g) (2007). The section directs that when considering such a claim, the Court must accept the findings of fact made by the Commissioner, provided that such findings are supported by substantial evidence in the record.

When determining whether the Commissioner's findings are supported by substantial evidence, the Court's task is "'to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn.'" *Brown v. Apfel*, 174 F.3d 59, 62 (2d Cir. 1999), quoting *Mongeur v. Heckler*, 722 F.2d

1033, 1038 (2d Cir. 1983) (per curiam). "Substantial evidence is more than a mere scintilla . . . . It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 447 (2d Cir. 2012) (quotation marks and citations omitted). This standard is "very deferential . . . even more so than the clearly erroneous standard . . . ." *Id.* at 447-48.

Section 405(g) limits the scope of the Court's review to two inquiries: whether the Commissioner's findings were supported by substantial evidence in the record as a whole and whether the Commissioner's conclusions were based upon an erroneous legal standard. *See Green–Younger v. Barnhart*, 335 F.3d 99, 105–106 (2d Cir. 2003).

**Judgment on the Pleadings**

The parties have cross-moved for judgment on the pleadings. Dkt. ## 12, 14. Plaintiff seeks remand for the calculation of benefits or further proceedings on the following grounds: (1) based on the vocational expert's testimony, an individual who would need to miss up to one day of work per month is unemployable because he or she would not be able to complete a probationary period; (2) the Appeals Council erroneously determined that additional evidence from social worker Amy Kryszak post-dated the relevant period of alleged disability; and (3) the ALJ failed to reconcile his RFC assessment with Dr. Butensky's opinion, to which he afforded significant weight. Dkt. # 12-1 at 1, 13-20.

4

The Commissioner requests that her determination be affirmed as the ALJ's decision was supported by substantial evidence and is free of legal error. Dkt. #14-1. For the reasons that follow, Plaintiff's motion is denied and the Commissioner's motion is granted.

**The ALJ's Consideration of Plaintiff's Probationary Employment**

Plaintiff seeks remand for the calculation of benefits because the ALJ erred in determining whether she could make an adjustment to other work pursuant to the regulations set forth at 20 C.F.R. §§ 416.920(a)(4)(v), 416.920(g), 416.960(c)(1), and 416.966. Specifically, Plaintiff argues that the ALJ did not consider that a limitation of one absence from work per month would not be tolerated during an employer's probationary period of 90 or 120 days. Dkt.# 12-1 at 13, T. 58.

During the administrative hearing, Plaintiff's counsel asked the vocational expert ("VE") to give an opinion as to "how much absenteeism or tardiness [would be] tolerated in a routine, unskilled entry level position during a probationary period." T. 58. The VE opined that, "[d]uring the probationary period of 90 to 120 days there is typically no tolerance for absences." *Id.* The ALJ advised that counsel "can ask about it but . . . probationary time doesn't really make any difference in the determination of disability under our regulations," and that, "[t]he question is whether or not they can do a job." *Id.*

Although Plaintiff takes issue with the ALJ's stance that probationary periods are not relevant under the Social Security Act and Regulations, T. 58-59, she

5

acknowledges that she is "unable to find any caselaw on point" in support of her position to the contrary. Dkt. # 12-1 at 14.

As part of the step five analysis, an ALJ considers an individual with the same RFC and vocational factors as the claimant to determine whether he or she can make an adjustment to other work. *See* 20 C.F.R. §§ 416.920(a)(4)(v), 416.920(g), and 416.920(c)(1). Social Security Ruling ("SSR") 83-10 provides:

> The issue of whether a work adjustment is possible involves a determination as to whether the jobs whose requirements can be met provide an opportunity for adjusting to substantial and gainful work other than that previously performed. Accordingly, the issue of work adjustment is determined based on the interaction of the work capability represented by RFC (the remaining occupational base) with the other factors affecting capability for adjustment -- age, education, and work experience.
>
> . . . .
>
> The ultimate question in the medical-vocational evaluation of the capability to do other work is whether work that an individual can do functionally and vocationally exists in the national economy. Whether work exists in the national economy for any particular individual depends on whether there is a significant number of jobs (in one or more occupations) with requirements that the individual is able to meet, considering his or her remaining physical and mental abilities and vocational qualifications.

SSR 83-10.

Under these guidelines, work adjustment warrants consideration of whether such jobs would accommodate the RFC and vocational qualifications only. Outside factors such as probationary periods for an individual employer, the existence

of a specific vacancy, or whether an individual would be hired, have no bearing on the step five finding. *See* SSR 83-10; 20 C.F.R. § 416.966(a)(3) ("It does not matter whether . . . you would be hired if you applied for work."). Indeed, one court in this Circuit has rejected a similar argument. *See Morrow v. Astrue*, No. 09-CV-0992, 2010 WL 3259988, at *10 (N.D.N.Y. July 30, 2010), *report and recommendation adopted*, No. 09-CV-0992, 2010 WL 3259940 (N.D.N.Y. Aug. 17, 2010) ("To the extent that Plaintiff argues that Defendant did not meet his burden of proof that Plaintiff 'had a reasonable chance of being hired and maintaining such work,' . . . the Regulations provide that '[i]t does not matter whether (1) Work exists in the immediate area in which you live; (2) A specific job vacancy exists for you; or (3) You would be hired if you applied for work.'") (citing 20 C.F.R. § 416.966(a)).

   As stated earlier, Plaintiff points to no controlling case that directs this Court adopt her interpretation of "adjustment to other work," as "sustaining full time work." Dkt. #12-1 at 14. To the contrary, the regulations provide that an individual is not disabled if his or her RFC and vocational abilities make it possible to perform work which exists in the national economy, but he or she remains unemployed because of, among other things, the inability to get work; the hiring practices of employers; or no job openings. *See* C.F.R. § 416.966(c). Accordingly, the ALJ's finding is consistent with the SSA regulations, and her request for remand for the calculation of benefits is denied.

## Appeals Council Consideration of Additional Evidence

Plaintiff's next argues that the Appeals Council erred by summarily stating that a letter submitted by Amy Kryszak, LCSW ("Kryszak"), dated July 31, 2015, did not apply to time period at issue. Pl. Mem. 16. In denying review, the Appeals Council indicated that,

> We also looked at medical evidence dated July 31, 2015 from Ms. Amy Kryszak (1 page). The [ALJ] decided your case through May 26, 2015. This new information is about a later time. Therefore it does not affect the decision about whether you were disabled beginning on or before May 26, 2015.

T. 2.

The letter in question states that it was an "update on progress in treatment," that Plaintiff's case was "recently transferred to [Kryszak] in June 2015," and that she assessed Plaintiff's impairments after a meeting with Plaintiff and her mother on July 9, 2015. T. 8. The letter also indicates that Plaintiff's condition had worsened as a result of the ALJ's decision finding her not disabled. *Id.* As the Appeals Council noted, this letter post-dated the ALJ's decision, did not relate to the relevant time period, and did not affect the ALJ's decision.

The Appeals Council has an obligation to consider "new [and] material" evidence that "relates to the period on or before the date of the administrative law judge hearing decision," when "there is a reasonable probability that the additional evidence would change the outcome of that decision." 20 C.F.R. §§ 404.970(a), 416.1470(a); *Perez v. Chater*, 77 F.3d 41, 45 (2d Cir. 1996); *Patterson v. Colvin*, 24 F. Supp. 3d 356, 372 (S.D.N.Y. 2014). The Court of Appeals has explained that "medical evidence

generated after an ALJ's decision cannot be deemed irrelevant solely because of timing . . . . " *Newbury v. Astrue*, 321 Fed.Appx. 16, 18 n.2 (2d Cir. 2009). However, this is not a case where new evidence "strongly suggests that, during the relevant time period, [the plaintiff's] condition was far more serious than previously thought . . . . " *Pollard v. Halter*, 377 F.3d 183, 193 (2d Cir. 2004).

Kryszak's letter post-dated the ALJ's decision, noting that her treatment of Plaintiff did not begin until after the relevant period. Significantly, she advised that Plaintiff's condition had actually worsened as a direct result of Plaintiff's SSI denial. Tr. 8. The letter was not accompanied by any treatment notes or records, presenting no basis for finding that the ALJ would have reached a different determination had this information been available to him. *See Bushey v. Colvin*, 552 Fed. Appx. 97, 98 (2d Cir. Jan. 29, 2014) ("We do not believe that the Appeals Council erred by refusing to review the ALJ's decision in light of the new evidence that [plaintiff] submitted to that body. The Appeals Council had substantial evidence supporting its decision to decline review, as the new evidence that [plaintiff] presented did not alter the weight of the evidence so dramatically as to require the Appeals Council to take the case."). Accordingly, Plaintiff's contention is without merit.

**RFC Determination**

Plaintiff concludes her motion with the argument that the ALJ failed to reconcile his RFC finding with Dr. Butensky's opinion that Plaintiff should only have "superficial" contact with others. Pl. Mem. 18.

9

Evaluation of the severity of mental impairments require application of a "special technique" at the second and third steps of the five-step framework, and at each level of administrative review. 20 C.F.R. § 404.1520a(a). This technique requires the ALJ to "rate the degree of functional limitation resulting from the impairment(s) in accordance with paragraph (c)," § 404.1520a(b)(2), which specifies four broad functional areas: (1) activities of daily living; (2) social functioning; (3) concentration, persistence, or pace; and (4) episodes of decompensation. 20 C.F.R. § 404.1520a(c)(3).

On July 8, 2013, State agency medical consultant C. Butensky reviewed the medical records and opined that Plaintiff's impairments did not meet the criteria for Listing 12.04. T. 67-68. Dr. Butensky assessed the "B Criteria" of that listing, finding at most moderate limitations in maintaining social functioning. *Id.* at 68. In the Psychiatric Review Technique explanation, Dr. Butensky noted that Plaintiff had "mild to moderate limitations in her ability to . . . interact appropriately with coworkers and supervisors. Evidence indicates [claimant] retains the ability to interact on a superficial basis with [cowokers] and supervisors sufficiently to complete a normal workday/workweek." *Id.* Plaintiff claims the "common sense understanding" of the term "superficial" is inconsistent with the ALJ's finding that Plaintiff could have occasional contact with supervisors and coworkers, up to one-third of an 8-hour workday. *See* Pl. Mem. 18; T. 20; *see also* SSR 83-10.

10

Plaintiff's argument overlooks the fact that Dr. Butensky also completed a mental residual functional capacity assessment finding that Plaintiff was not significantly limited in the ability to sustain an ordinary routine without special supervision; moderately limited in working in coordination with others without being distracted by them; not significantly limited in the ability to ask simple questions or request assistance, the ability to get along with coworkers and peer without distracting them, and the ability to maintain socially appropriate behavior; and moderately limited in accepting instructions and responding appropriately to criticism. T. 71. Thus, the ALJ's RFC finding that Plaintiff should have no contact with the general public, and no more than occasional contact with coworkers or supervisors, is wholly consistent with Dr. Butensky's actual RFC assessment. T. 19-20. Plaintiff's argument is simply one of semantics and does not find support in the record. In any event, the RFC finding need not directly mirror any one particular medical opinion. *Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002) (An ALJ may reject portions of a medical opinion not supported by the objective evidence of record while accepting those portions that are supported by substantial evidence). The RFC determination by the ALJ is therefore supported by substantial evidence in the record.

## **CONCLUSION**

For the reasons stated herein, Plaintiff's motion for judgment on the pleadings, Dkt. #12, is DENIED, and the Commissioner's cross-motion, Dkt. #14, is GRANTED.  The Clerk of Court is ordered to close the file.

**SO ORDERED.**

DATED:      Buffalo, New York
            January 15, 2019

                                            *S/ H. Kenneth Schroeder, Jr.*
                                            **H. KENNETH SCHROEDER, JR.**
                                            **United States Magistrate Judge**